# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

ELMER STEPP,

    Plaintiff,

v.                                                              CIVIL ACTION NO. 5:20-cv-00055

BROOKS RUN SOUTH MINING, LLC, and
CHUCK STEELE,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Elmer Stepp's Motion to Remand Case to the Circuit Court of Wyoming County and for Fees and Costs [Doc. 6], filed February 10, 2020.

## I.

This action arises from an injury suffered by Mr. Stepp on or about November 27, 2017, at a mine operated by Defendant Brooks Run South Mining, LLC ("Brooks Run"). On November 25, 2019, Mr. Stepp, a resident of Kentucky, filed a negligence action in the Circuit Court of Wyoming County against Brooks Run, a resident of Delaware and Tennessee, and foreman Defendant Chuck Steele, a resident of West Virginia. Mr. Stepp did not immediately effectuate service on either defendant. Instead, counsel for Mr. Stepp, J. Blake Carter, Jr., and counsel for Brooks Run, Matthew Perry, corresponded regarding the proper parties and forum for the action. On January 7, 2020, Mr. Carter asked Mr. Perry if Brooks Run would agree to keep the action in the Circuit Court of Wyoming County in exchange for Mr. Stepp dismissing his claims against Mr. Steele [Doc. 6 at Ex. A]. Mr. Perry responded that Brooks Run would not waive

removal as it believed complete diversity amongst the parties existed [Doc. 6 at Ex. B]. Immediately following this email exchange, Mr. Carter and Mr. Perry had a follow-up conversation via telephone. In the call, Mr. Carter conveyed his belief that the forum defendant rule, 28 U.S.C. § 1441(b)(2), precluded Brooks Run from removing the action to federal court. Per Mr. Carter, the forum defendant rule bars removal because defendant Mr. Steele is a resident of West Virginia. At the time of this conversation, both Brooks Run and Mr. Steele were named defendants in the Complaint, but neither had been served. According to Mr. Carter, he "made clear during this . . . telephone conversation that he would hold off on effectuating service on either defendant until [Mr. Perry] advised of his client's position" [Doc. 7 at 3]. "[B]ased on prior discussions and dealings," Mr. Carter believed that "this status quo was to be maintained until additional negotiations occurred" [*Id.* at 10].

On January 24, 2020, to the apparent surprise of Mr. Stepp and his counsel, Brooks Run filed a Notice of Removal [Doc. 1]. The Notice of Removal contends that federal jurisdiction exists under 28 U.S.C. § 1332(a) and argues that the forum defendant rule does not bar removal because none of the defendants had been properly joined and served [*See id.* at 5]. On February 10, 2020, Mr. Stepp filed a Motion to Remand [Doc. 6] arguing that Brooks Runs' removal was "gamesmanship," advanced in "bad faith", and accordingly creates a result contrary to congress's intent [Doc. 7 at 9]. In opposition, Brooks Run contends that the plain language of the statute justifies removal and that it never misrepresented its position that federal jurisdiction was proper [Doc. 8]. The matter is ready for adjudication.

## II.

The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded or evaded."). This view is in keeping with the fact that removal jurisdiction must be strictly construed in view of "significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018); *see also Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (stating that federal courts "are obliged to construe removal jurisdiction strictly"). One corollary to this restrictive approach is that the removing party is obliged to demonstrate that federal jurisdiction exists. *See Ellerbe Becket*, 407 F.3d at 260; *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

A statutory basis for subject matter jurisdiction arises in those "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties . . . ." *Jackson*, 139 S. Ct. at 1746; 28 U.S.C. § 1332(a)(1). Our Court of Appeals recently observed that, "[t]he statute has long been interpreted to require complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*,

3

935 F.3d 211, 222 (4th Cir. 2019) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Section 1441(a) authorizes removal if the case originally instituted in state court could just as well have been filed in federal court. *See* 28 U.S.C. § 1441(a). Further, and particularly relevant here, is § 1441(b)(2), which provides that, "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." *Id.* § 1441(b)(2) (the "forum defendant rule"). At issue here is the statute's dictate that a defendant be "properly joined and served" to bar removal under the forum defendant rule.

The Fourth Circuit has not addressed the "properly joined and served" language contained in the forum defendant rule. Several courts within this district, however, have done so. One such decision, in 2015, remanded an action between an out of state plaintiff and multiple forum defendants. *See Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 554 (S.D. W. Va. 2015). The Court in *Phillips Construction* reasoned that such a removal "is clearly contrary" to congressional intent, in part, because "[a]ny local concern regarding local bias remains lacking in the case of a resident defendant, whether they are served or not." *Id.* at 555. The Court raised its concern of "a potential race to remove litigation" by defendants seeking to avoid the forum defendant rule by removing an action prior to receipt of service. *Id.* The Court explicitly noted that the *Phillips Construction* controversy "only involves forum defendants" and "the Court does not reach the related issue of whether the forum-defendant rule bars pre-service removal when the case involves both resident and non-resident defendants." *Id.* at 556 n.3.

That issue was reached in 2019 by another court in this district. *See Blankenship v. Napolitano*, No. 2:19-cv-00236, 2019 WL 3226909 (S.D. W. Va. July 17, 2019). In *Blankenship*, the Court applied the plain meaning rule to sustain the pre-service removal by a non-forum defendant. *Id.* at *2 (citing *Encompass Ins. Co. v. Stone Mason Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018), and *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019), and *Vitatoe v. Mylan Pharm. Inc.*, No. 1:08-cv-00085, 2008 WL 3540462, *5-6 (N.D. W. Va. Aug. 13, 2008)). The Court in *Blankenship* reasoned that "congress enacted a bright-line rule and applying it as written is not clearly contrary to its intended purpose." *Id.* at *4 (citing *Vitatoe*, 2008 WL 3540462 at *5-6 ("[N]o absurd result or procedural trap is produced by applying a literal application of the statute.")).

### III.

The forum defendant rule provides that an action in diversity "may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Neither Mr. Steele, a forum defendant, nor Brooks Run, a non-forum defendant, had been properly joined and served as defendants at the time of removal. The plain meaning of the forum defendant rule permits removal in these circumstances. *See id.* § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.") (emphasis added); *see also Blankenship*, 2019 WL 3226909.

Mr. Stepp argues that the plain meaning rule does not apply because "plain application produces an outcome that is demonstrably at odds with clearly expressed congressional

5

intent" [Doc. 10 at 2 (quoting *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001))]. But "congress created a bright-line rule and applying it as written is not clearly contrary to its intended purpose." *Blankenship*, 2019 WL 3226909, *4; *see Vitatoe*, 2008 WL 3540462, *5-6 ("[N]o absurd result or procedural trap is produced by applying a literal application of the statute."). Indeed, the absurdities identified in *Phillips Construction* are inapplicable here. *See Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 554 (S.D. W. Va. 2015). This case does not "solely involve forum defendants" and does not raise any concerns about a potential race to remove litigation. *Id.* at 555-56. Brooks Run is not a West Virginia resident and waited approximately two months before filing a notice of removal.

Nonetheless, Mr. Stepp argues that the specific misconduct by Mr. Perry, counsel for Brooks Run, constitutes "gamesmanship" repugnant to the statute's purpose. Mr. Stepp relies on a telephone conversation on February 8, 2020, between Mr. Carter and Mr. Perry. The call took place in the context of Mr. Carter's request that Brooks Run stipulate to state court jurisdiction in exchange for Mr. Stepp dismissing all claims against Mr. Steele. Mr. Steele was the sole forum-defendant but had not been served at the time, facts known to both Mr. Carter and Mr. Perry. In the course of the call, Mr. Carter expressed his belief that the forum defendant rule barred removal because defendant Mr. Steele was a resident of West Virginia. At the conclusion of the call, Mr. Carter believed that Mr. Perry would confer with his client and continue negotiations "based on prior discussions and dealings" with Mr. Perry [Doc. 7 at 10]. Mr. Perry and his client opted to remove the action without further communication with Mr. Carter. In other words, Mr. Perry deviated from the course of conduct expected by his adversary by removing the action without advanced notice.

6

The Court does not find this result absurd or demonstrably at odds with any clearly expressed congressional intent. Any surprise was the result of Mr. Stepp and his counsel's strategic decision to withhold service in connection with their attempts to obtain a waiver of removal. Counsel either failed to appreciate the risks plainly provided in 28 U.S.C. § 1441(b)(2), or knowingly embraced them. That Brooks Run and its counsel availed itself of the opportunity allowed by the plain language of 28 U.S.C. § 1441(b)(2) is not absurd nor demonstrably at odds with any clearly expressed congressional intent.

**IV.**

Accordingly, Plaintiff's Motion to Remand [**Doc. 6**] is **DENIED** and Defendant's Motion for Leave to File Surreply [**Doc. 11**] is **DENIED** as moot.

The Clerk is directed to send a copy of this Order to counsel of record and to any unrepresented party.

ENTERED: March 12, 2020

Frank W. Volk
United States District Judge